# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3246 | **DATE** | August 15, 2012 |
| **CASE TITLE** | Arthur Boyd, III (R12610) vs. Jorge L. Montes | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to appeal *in forma pauperis* [26] is denied. The court directs Plaintiff to pay the appellate fees of $455 within fourteen days. As the court is satisfied that there is good cause, Plaintiff's July 6, 2012 request for an extension of time of the appeal period under FED. R. APP. P. 4(a)(5) [16], is granted. The Judgment was entered on May 22, 2012 [15], and Plaintiff asserts that he mailed his notice of appeal on June 22, 2012 [26 at page 7]. The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

    *Pro se* Plaintiff Arthur Boyd, III, an Illinois Department of Corrections inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983 alleging that his mandatory supervised release term (MSR) was wrongfully revoked and that he was therefore required to stay in prison beyond his release date. He seeks monetary relief for his claim. On initial review pursuant to 28 U.S.C. § 1915A, the court dismissed the case as barred under *Edwards v. Balisok*, 520 U.S. 641 (1997); because the named Defendants were not personally involved with the alleged violation, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); and because any Defendants would have absolute immunity from suit for the decision to revoke Plaintiff's MSR. [14].

    Plaintiff seeks leave to proceed *in forma pauperis* on appeal. [26]. The court must deny this motion if it concludes the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Because this appears to be a frivolous appeal, it does not meet the test of good faith. *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *Hains v. Washington* instructs that an appeal from a case dismissed at the § 1915A initial review stage will be a frivolous appeal unless the case is an "exception[al]" situation presenting a "close question." 131 F.3d 1248, 1250 (7th Cir. 1997) (*per curiam*). This is not such a case because, as explained in the court's earlier order, three independent reasons require dismissal.

    The court therefore directs Plaintiff to pay the full appellate fee of $455 within fourteen days. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

    Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma*

|     STATEMENT     |
| --- |

*pauperis*. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days, because he is obliged to continue paying the filing fee after his transfer or release from custody.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action. The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

On its face, Plaintiff's notice of appeal was untimely, but the court is satisfied by Plaintiff's response to the instruction that he provide more information on this issue. Plaintiff has submitted a declaration that he submitted his notice of appeal for mailing in the prison mailing system on June 22, 2012. [26 at 7-8]. Under the prison "mail box" rule, the notice of appeal was filed thirty-one days after the entry of judgment on May 22, 2012 [15]; FED. R. APP. P. 3(c)(1); *Ingram v. Jones*, 507 F.3d 640, 643 (7th Cir. 2007) The notice was accompanied by a request for an extension of time, however, and because that request was made within thirty days after the expiration of the appeal period, it is a proper request under FED. R. APP. P. 4(a)(5)(A)(i). Plaintiff's declaration establishes "good cause or excusable neglect" as required by FED. R. APP. P. 4(a)(5)(A)(ii): Plaintiff explains that he did not receive the judgment in the mail until June 5, 2012, and was unable to access the prison law library until June 13. He then submitted his notice of appeal to prison officials for mailing just nine days later. [26, at 7]. The notice was filed on June 22, 2012. [26].

A delay in receiving mail qualifies for good cause because it is an event out of Plaintiff's control. *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012). Plaintiff should not be held responsible for the two week delay in receiving the judgment between its entry on May 22 and Plaintiff's receipt on June 5, as that delay was caused either by the U. S. Postal Service or the prison mail system. The court therefore grants his request to extend the appeal period by thirty days under FED. R. APP. P. 4(a)(5).

*[signature: Rebecca R. Pallmeyer]*